UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
RYAN D. FULLER,                               :    CASE NO. 1:14-cv-1333
                                              :
      Plaintiff,                              :
                                              :
vs.                                           :    OPINION & ORDER
                                              :    [Resolving Docs. 28, 30]
CORRECTIONS CORPORATION OF                    :
AMERICA, INC., *et al.*,                      :
                                              :
      Defendants.                             :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff Ryan Fuller alleges that his former employer, Corrections Corporation of America, Inc. ("CCA"), and his former supervisors Barry Goodrich and Vince Vantell subjected him to a hostile work environment and fired him in violation of public policy.[1] Although his first complaint was originally dismissed for failing to state a claim, Fuller was granted leave to file an amended complaint.[2] Fuller then filed an amended complaint.

    Defendants have again moved to dismiss.[3] Despite receiving an extension of time to file a response,[4] Fuller has not done so. For the following reasons, the Court **GRANTS** Defendants' motion to dismiss Fuller's amended complaint.

## I. Background

    The facts of the case are laid out in detail in the Court's March 27, 2015, order on

---

[1] Doc. 28.
[2] Doc. 25.
[3] Doc. 30.
[4] Doc. 32.

Case No. 1:14-cv-1333
Gwin, J.

Defendants' first motion to dismiss.[5] In summary, Fuller was a case manager for private prison contractor CCA from September 2010 until February 2013. Defendants Goodrich and Vantell served as CCA's warden and assistant warden, respectively.

Fuller first alleges that he was subject to a hostile work environment based on his race in violation of Title VII of the Civil Rights Act of 1964. Fuller, who is white, alleges that his African American supervisor, Katrenia Baker-Webb, harassed and mistreated Fuller for years because of his race. Fuller then says his mistreatment somehow "culminated" in January 2013 with Defendant Vantell yelling at Fuller while hitting a clipboard against a wall.[6]

Second, Fuller asserts a claim for wrongful termination in violation of public policy. Fuller alleges that he brought safety concerns, including improper training and inconsistent enforcement of CCA's safety procedures, to Defendants' attention on several occasions. Fuller says that "Ohio has a strong public policy interest in promoting workplace safety, especially at a correctional facility." Fuller says he was fired in violation of the aforementioned public policy because he attempted to talk to an investigator from Ohio's Correctional Institution Inspection Committee.[7]

## II. Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] The plausibility requirement is not "akin to a probability requirement," but requires "more than a sheer possibility that the defendant

---

[5] Doc. 25.
[6] Doc. 28 at 5-6.
[7] *Id*.
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Case No. 1:14-cv-1333
Gwin, J.

has acted unlawfully."[9]

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."[10] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[11] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations."[12]

### III. Analysis

**A. Hostile Work Environment Under Title VII**

In his first complaint, Plaintiff made the same claim of a hostile work environment based on race. That claim was dismissed because Fuller had not brought an EEOC charge related to his claim before bringing suit. "It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge."[13]

Fuller did file an EEOC complaint in April 2013, alleging that he was subject to a hostile work environment when Defendant Vantell yelled at him while hitting a clipboard against a wall. After being granted leave to amend his complaint, Fuller merely adds a paragraph stating that the race-based hostile work environment "culminated" with Vantell yelling at him. But Fuller includes no facts even suggesting that Vantell's yelling was based on Fuller's race, or that the incident with

---

[9] *Id.*
[10] Fed. R. Civ. P. 8(a)(2).
[11] *Iqbal,* 556 U.S. at 678-79 (citations omitted).
[12] *Id.*
[13] *Strouss v. Michigan Dep't of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001).

Case No. 1:14-cv-1333
Gwin, J.

Vantell was in any way connected with Fuller's dealings with Baker-Webb.

Fuller's meager additions to his complaint do nothing to cure the defect the Court initially noted. Fuller is still asserting a hostile work environment claim based on race. He has not complied with the procedural requirements to bring this claim. The fact that Fuller has made an EEOC claim based on an incident with Vantell does not permit Fuller to bring an unexhausted claim based an entirely different theory involving Baker-Webb. Therefore, Fuller's first claim is **DISMISSED.**

**B. Wrongful Termination in Violation of Public Policy**

Fuller is left with a state law *Greeley* claim for wrongful termination in violation of public policy.[14] Fuller has no remaining federal causes of action. "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."[15] If "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."[16] In accordance with this sound principle, the Court chooses not to exercise supplemental jurisdiction over what is now a suit based entirely on state law. As a result, Fuller's second claim is **DISMISSED** as well.

---

[14] *Dohme v. Eurand Am., Inc.*, 956 N.E.2d 825, 829 (Ohio 2011).
[15] *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).
[16] *Id*.

Case No. 1:14-cv-1333
Gwin, J.

## IV. Conclusion

For the foregoing reason, the Court **GRANTS** Defendants' motion to dismiss in its entirety.

IT IS SO ORDERED.


Dated: June 12, 2015                              s/     *James S. Gwin*
                                                                JAMES S. GWIN
                                                                UNITED STATES DISTRICT JUDGE